IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NATHAN A.,[1]

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,[2]

    Defendant.

Case No. 3:17-cv-00898-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Nathan A. brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner previously denied plaintiff's applications for

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

[2] Nancy A. Berryhill's term as the Acting Commissioner of the Social Security Administration (SSA) ended on November 17, 2017, and a new Commissioner has not been appointed. The official title of the head of the SSA is the "Commissioner of Social Security." 42 U.S.C. § 902(a)(1). A "public officer who sues or is sued in an official capacity may be designated by official title rather than by name." Fed. R. Civ. P. 17(d). This Court, therefore, refers to defendant only as Commissioner of Social Security.

Page 1 – OPINION AND ORDER

Supplemental Security Income ("SSI"). For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

Plaintiff applied for SSI on March 22, 2013. In his application, plaintiff alleged disability beginning on November 29, 2012. The claim was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). An administrative hearing took place on July 11, 2015, where plaintiff was represented by counsel. Plaintiff and a vocational expert ("VE") testified. On October 28, 2015, the ALJ issued a ruling finding that plaintiff was not disabled under the Act. The Appeals Council denied plaintiff's request for review. Plaintiff then filed the present complaint in this Court.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

/ / /

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4); *id.* § 416.920(a)(4). At step one, the ALJ found plaintiff had not engaged in "substantial gainful activity" since March 22, 2013, the application date. Tr. 18; 20 C.F.R. §§ 404.1520(a)(4)(i), (b); *id.* §§ 416.920(a)(4)(i), (b). At step two, the ALJ found plaintiff had the following severe impairments: "bilateral sensorineural hearing loss and status post stab wound in the left arm." Tr. 18; 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *id.* §§ 416.920(a)(4)(ii), (c). At step three, the ALJ determined plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. T. 19-20 C.F.R. §§ 404.1520(a)(4)(iii), (d); *id.* §§ 416.920(a)(4)(iii), (d).

The ALJ then assessed plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); *id.* § 416.920(e). The ALJ found that plaintiff has the

> capacity to perform medium work . . . except the [plaintiff] should avoid climbing ladders, ropes, and scaffolds. The [plaintiff] is right hand dominant. The [plaintiff] can perform only occasional fingering. The [plaintiff] is limited to frequent handling and grasping 10 pounds and occasional handling and grasping of 20 pounds with his left hand. The [plaintiff] must avoid even moderate exposure to hazards. The [plaintiff] should avoid extremes of noise. The [plaintiff] should work in a noise level of three or less.

Tr. 19.

At step four, the ALJ noted plaintiff has no past relevant work experience. 20 C.F.R. § 416.920. At step five, however, the ALJ found that plaintiff could perform work existing in significant numbers in the national economy; specifically, plaintiff could work as a counter clerk, furniture rental clerk, or greeter. Tr. 22; 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1). Accordingly, the ALJ found plaintiff not disabled and denied his applications for benefits.

## DISCUSSION

Plaintiff argues that the ALJ committed harmful error by inappropriately crediting the medical opinion evidence from examining and non-examining physicians, in showing impermissible bias, and offering multiple hypotheticals to the VE. I address each issue in turn.

I.  *Medical Opinion Evidence*

Plaintiff claims the ALJ improperly rejected the medical opinions of examining physician Dr. Andrew Pedersen and non-examining physicians Dr. Richard Alley and Dr. Nathaniel Arcega in fashioning plaintiff's RFC. For the ALJ to reject the contradicted opinion of an examining physician, the ALJ has to find a "specific and legitimate reason for doing so that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). It is the ALJ who is ultimately "responsible for translating and incorporating clinical findings into a succinct" RFC. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Dr. Alley indicated that plaintiff had limitations reaching any direction, handling, fingering, and felling in his left hand and arm. Dr. Alley also noted that plaintiff's hearing loss required him to have ear protection in loud environments and that plaintiff would benefit from working in a quiet work environment. Dr. Arcega opined that plaintiff had limited handling and fingering in his left arm. Dr. Arcega also recorded that the plaintiff's hearing was limited in both ears, and plaintiff should avoid concentrated noise exposure. Both Dr. Alley and Dr. Arcega reported that they felt plaintiff was not disabled and could perform light work.

The ALJ gave significant weight these opinions, noting that they were supported by plaintiff's "recent work activity, substantial daily activities, and objective findings [of] Dr. Pederson." Tr. 20. The ALJ opined that that recent treatment notes indicated that plaintiff was capable of modified medium work. The ALJ also found significant that plaintiff had not had treatment for his left wrist injury since October 2013. Indeed, at the administrative hearing, plaintiff testified that he had a job moving stoves in the two months prior to the hearing.[3] The Court finds that the ALJ adequately considered and accepted the medical opinions Drs. Alley and Arcega in formulating plaintiff's RFC.

Following a June 2015 hearing, Dr. Pedersen performed a consultative examination plaintiff, conducting an audiogram and evaluation of plaintiff's hearing loss. The results of the audiogram "show[ed] moderate to moderately severe sensorineural hearing loss with discrimination of 64% right 68% left." Tr. 335. Dr. Pedersen noted that plaintiff's "hearing loss doesn't affect his ability to stand, walk and sit, lift and carry." *Id.* Dr. Pederson also opined that plaintiff's hearing loss would benefit from amplification. Dr. Pedersen filled out a form that stated plaintiff should work in a "Quiet (Library)" condition. Tr. 338.

---

[3] Plaintiff also testified that the job was "one the rocks" because of his need to obtain hearing aids. Tr. 36-37.

Page 5 – OPINION AND ORDER

The ALJ "assign[ed] great weight to Dr. Pedersen's opinion because it [was] consistent with the record as a whole." Tr. 21. The ALJ accounted for limitations noted by Dr. Pederson in the RFC by restricting plaintiff to working in an occupation a noise level of three or less and avoiding extremes of noise. The ALJ reasonably interpreted Dr. Pederson's opinion as restricting plaintiff to jobs with moderate noise levels

In sum, contrary to plaintiff's assertions, the ALJ did not reject the opinions at issue opinions, rather the ALJ assigned great weight to the examining physicians' opinion and significant weight to the non-examining physicians' opinions. While the evidence here might be susceptible to more than one rational interpretation, the record does not reveal that ALJ's conclusions were unsupported by substantial evidence. Thus, the ALJ committed no harmful error here as he provided specific and legitimate reasons for crediting and interpreting the medical opinion evidence in this case.[4]

II. *Hypothetical to the Vocational Expert*

Plaintiff argues that the ALJ erred in providing the VE with a second, less restrictive hypothetical that plaintiff alleges was inconsistent with the medical opinions of Dr. Pederson, Dr. Alley, and Dr. Arcega.

When examining the VE, the ALJ offered her two hypotheticals. First, the ALJ asked the VE if there were jobs available in significant numbers for a person who

> can work the medium level; however, no climbing ropes, scaffolding. The claimant is right hand dominant. I want you to assume that he can only do occasional handling, fingering, and grasping with his left hand. He must avoid even moderate exposure to hazards. He should avoid extremes of noise, so it

---

[4] Even if the ALJ in this case had rejected both non-examining physicians' opinions, the error is harmless when an examining physician's opinion is properly considered. *See Jarvis v. Berryhill*, 722 Fed. Appx. 616, 619 (9th Cir. 2018). As previously stated, the ALJ considered and gave "great weight" to Dr. Pedersen's opinion, which he was an examining physician. Tr. 21

Page 6 – OPINION AND ORDER

> should be in the noise level of three or less. I want you to assume the same age, education, and work background as the claimant with that RFC.

Tr. 48-49. After considering the hypothetical, the VE testified that she was unable to identify any jobs given those restrictions. The ALJ then proffered this second hypothetical:

> Hypothetical two. I'm going to change -- *it's the same as #1*, however. . . I'm going to change that to occasional fingering, and handling and grasping are going to be limited in the amount of weight that he can do. So at the light, 20 pounds, occasionally; 10 pounds, frequently.

Tr. 50-51. (emphasis added) Upon considering this hypothetical the VE identified potential employment for plaintiff as a counter clerk, furniture rental clerk, or greeter.

The Court notes that "[t]he ALJ . . . is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Gregor v. Barnhart*, 464 F.3d 968, 673 (9th Cir. 2006) (quoting *Osenbrock v. Apfel*, 240 F.3d 1167, 1164-65 (9th Cir. 2001)). Here, the information from the second hypothetical is consistent with the RFC formulated in the ALJ's decision. The ALJ noted similar restrictions of occasional fingering, handling, and grasping, noise levels of three of less, and the limitations of plaintiff's left hand. Thus, the ALJ did not err in providing the VE with multiple hypotheticals to determine availability of jobs that match plaintiff's age, education, work experience, and residual functional capacity.

Plaintiff also claims that the ALJ predetermined that he was "not disabled." Plaintiff points to statements made by the ALJ during the administrative hearing to support his argument. For example, at one point, the ALJ asked plaintiff "You're not disabled, are you?" Tr. 43, and "For you to be disabled, you have to be unable to do any kind of full-time work, anything, and I don't know that you qualify," Tr. 47. Plaintiff complains that these statements show that the ALJ made a conclusion of plaintiff's ability to work before questioning the VE. Indeed, he

alleges throughout his argument that the multiple hypotheticals given to the VE were formulated by the ALJ in order to find him not disabled.

Courts begin with "a presumption that the ALJ was unbiased." *Bayliss v. Barnhart*, 427 F.3d 1221, 1215 (9th Cir. 2005). To prove the ALJ was biased, a plaintiff must show that "the ALJ's behavior, in the context of the whole case, was so extreme as to display clear inability to render fair judgment." *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1991). This Court has already found that ALJ decision did not commit harmful error in his consideration of the medical opinion evidence in fashioning plaintiff's RFC. Further, it is common for an ALJ to give a VE multiple hypotheticals during a hearing. Finally, the questions asked during the administrative hearing do not show any such requisite bias either. The record simply does not reveal behavior that was so extreme that it would indicate that the ALJ was unable to render a fair judgment.

## CONCLUSION

The Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 30th day of October 2018.

_____
Ann Aiken
United States District Judge